**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT FORT CAMPBELL**
**CASE 5:24-MJ-00053-LLK**

**UNITED STATES OF AMERICA,**

v.

**GABRIELA A. BENITEZ,**
**DEFENDANT.**

## MEMORANDUM OPINION AND ORDER

Defendant Gabriela A. Benitez is alleged to have been operating a vehicle either under the influence of an intoxicant or with a blood alcohol concentration ("BAC") of .08% or above, in December of 2023 at Fort Campbell, Tennessee, and in violation of Violation of Title 18, United States Code, Section 13 (TCA 55-10-401). Information [DN 1]. This prosecution occurs in the Middle District of Tennessee at Fort Campbell within the special maritime and territorial jurisdiction of the United States. *Id.* On July 25, 2024, Defendant submitted the instant Motion to Suppress breath-test evidence obtained by the military police officers who had detained her. Motion [DN 8]. On August 16, the government filed a Response. Response [DN 9]. On October 4, Magistrate Judge Lanny King held an evidentiary hearing, and based on matters raised therein, granted the parties leave to submit supplemental briefs, which the parties filed on October 11 and 18. [DN 10, 13]. The matter being fully briefed, it is ripe for ruling.

**LEGAL STANDARD**

The Tennessee Supreme Court has held that the government must establish six factors before the results of a breath-alcohol test may be admitted with a presumption of reliability. *See State v. Sensing*, 843 S.W.2d 412 (Tenn.1992).[1] "[T]he testing officer must be able to testify:

> (1) that the tests were performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation,
>
> (2) that he was properly certified in accordance with those standards,
>
> (3) that the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed,
>
> (4) that the motorist was observed for the requisite 20 minutes prior to the test, and during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate,
>
> (5) [as to] evidence that he followed the prescribed operational procedure,
>
> (6) [as to] the printout record offered in evidence as the result of the test given to the person tested.

*Id.* at 416. At issue in this case is the government's compliance with the fourth factor requiring the motorist be properly observed for twenty minutes prior to the test.

---

[1] Neither party contests that *Sensing* controls the issue of admissibility. This Court notes that, as the incident occurred on Fort Campbell, the Assimilative Crimes Act ("ACA") (18 U.S.C.A. § 13) applies to such cases arising within "the special maritime and territorial jurisdiction of the United States." *See* 18 U.S.C.A. § 13(b)(1). The ACA "assimilates for federal prosecutions a state's substantive law, but generally does not use state procedural law or its rules of evidence." *United States v. Crawford*, 166 F.3d 335 (4th Cir. 1998). At this juncture, the Court need not decide whether the *Sensing* presumption of breath-test reliability constitutes a procedural rule or substantive law; the presumption in either case does not apply for the reasons discussed herein. *Compare U.S. v. Eure*, 952 F.2d 397 (4th Cir. 1991) (holding that trial court properly assimilated state statutory presumption of intoxication under the ACA), *with*, *U.S. v. Sauls*, 981 F. Supp. 909 (D. Md. 1997) (court declining to assimilate state statutory presumption under the ACA); *U.S. v. Daras*, 164 F.3d 626 (4th Cir. 1998) (court finding that in federal cases, the failure to follow state procedures relating to the proper administration of breathalyzer tests goes to the weight, and not the admissibility, of the evidence).

To be clear, the government must prove two distinct elements to satisfy this factor: "(1) that the defendant was observed for twenty minutes and (2) that the defendant did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate." *State v. Henderson*, No. M201601325CCAR9CD, 2017 WL 838665, at *4 (Tenn. Crim. App. Mar. 3, 2017) (internal quotations and citations omitted). If the government satisfies each of the *Sensing* factors, the breath-test results are presumptively reliable and "may be admitted into evidence without the benefit of an expert." *Id.* at *5. If any requirement is not met, "the state may still use traditional rules of evidence to lay the foundation for admitting the evidence[,] but there is no presumption of reliability." *Id.*

**BACKGROUND**

On December 1, 2023, officer Jon Miller allegedly observed Defendant "traveling at 64 miles per hour in a 35 mile per hour zone" and subsequently pulled her over. Response [DN 9] at 1. After Staff Sergeant ("SSG") Caleb Gray arrived, officer Miller conducted a field sobriety test, which Defendant failed. *Id.* They arrested Defendant and escorted her inside the Provost Marshal's Office to administer a breath-alcohol test. *Id.* At 12:55 AM, Defendant provided a breath sample which resulted in a .110 BAC. *Id.*

In her initial Motion, Defendant argued that she "was without supervision in the twenty minutes prior to being subjected to the breath test," and thus the government failed to meet the *Sensing* observation requirements. Motion [DN 8] at 2. The government responded that Defendant was properly observed, such that SSG Gray and officer Miller could testify that Defendant "did not have foreign matter in her mouth, did not consume any alcoholic beverage,

smoke, or regurgitate," for twenty minutes, as required by *Sensing*. Response [DN 9] at 3. The record shows, however, that SSG Gray observed Mrs. Benitez from 12:23 AM to 12:44 AM—a period, of course, exceeding twenty minutes—but that officer Miller took her breath sample approximately ten minutes later at 12:55 AM.

The government did not provide officer Miller's testimony at the suppression hearing. At the hearing, Defendant argued that the interval between 12:44 AM and 12:55 AM (hereinafter, "Contested Window") was not properly accounted for, and that the government was unable to show that Mrs. Benitez did not regurgitate, burp, or otherwise inadvertently take action which might have altered her breath test. Initially, the government responded that the Contested Window was immaterial, as Defendant had already been observed for the requisite twenty minutes. The government thereafter argued that officer Miller, who was allegedly in the room during the Contested Window but not present at the hearing, would be able to certify that he had properly observed Defendant during this interval. The Court allowed the parties an opportunity to file supplementary briefs addressing the significance of the respective observation periods and multiple officers being involved.

Defendant's supplemental brief argues that "there was no testimony that the testing officer observed her for the required twenty minutes[,]" and "there is no way the test operator could testify with certainty" that she did not have foreign matter in her mouth. Supplemental Motion [DN 10] at 2-3 (citing *State v. McCaslin*, 894 S.W.2d 310, 312 (Tenn. Crim. App. 1994)). The government replied that *McCaslin* does not require that the observing officer also be the officer that administers the test, that officer Miller could testify as to his observation during the Contested Window, and that he should be allowed to do so should the Court find the *Sensing* observation element not satisfied on the current record. Supplemental Response [DN 13] at 2-3.

**ANALYSIS**

*Whether the Record Shows Proper Observation*

Tennessee law makes clear that, for purposes of breath-test admissibility, the observing officer and testing officer need not be the same individual, nor must the government show absolute certainty that Defendant did not have foreign matter in her mouth. "[T]he rationale of the observation rule is to ensure an accurate test result. If credible proof establishes that the subject did not have foreign matter in the mouth, … then the rule is satisfied regardless of whether the observer also administers the test." *State v. Hunter*, 941 S.W.2d 56–58 (Tenn. 1997) (distinguishing *McCaslin*). "*Sensing* does not require 100 percent certainty." *State v. Luckett*, No. M2000-00528-CCA-R3CD, 2001 WL 227353, at *4 (Tenn. Crim. App. Mar. 8, 2001).

*Sensing* also does not require that a government officer hold an "unblinking gaze for twenty minutes" when observing a detainee. *Id.* (citing *State v. Richard Korsakov*, No. EI999-01530-CCA-R3-CD, 2000 WL 968812, at *6 (Tenn. Crim. App. July 13, 2000)). It does, however, require that Defendant be observed using the "senses of sight, sound, and smell" for the entire twenty minutes prior to the administration of a breath test. *Henderson*, 2017 WL 838665, at *5. While the attention of some of these senses may be divided for "brief intervals of time," the government must inevitably establish "that the defendant's mouth was free of foreign matter for a period of twenty minutes prior to [her] taking the breath-alcohol test" to satisfy *Sensing* factor-four. *Compare Luckett*, 2001 WL 227353, at *4 (observation requirements satisfied despite "brief time [officer] rolled back in his chair and turned to retrieve some forms"); *State v. Gregory L. Parker*, No. M1999-00209-CCA-R3CD, 1999 WL 1296018 (Tenn. Crim. App. Dec.

30, 1999) (observation satisfied although defendant could have belched while officer had his back turned as he walked to the patrol car); *State v. Hale*, 2010 WL 4324389 (Tenn. Crim. App. 2010) (holding observation period satisfied when officer retrieved breath testing mouthpiece from a drawer because he was right next to defendant while performing this task), *with*, *Henderson*, 2017 WL 838665, at *5 (collecting cases) (officers focused on completing paperwork, other administrative tasks, or conversation did not comply with observation requirements).

Where there is a several minutes-long gap between the time of verified observation and the time that the breath test is administered, the observation element of *Sensing* has not been satisfied. It is not enough that the government can show that, at some time earlier in the evening, Defendant was observed in accord with the established rigor and for the requisite interval.

*Whether the Court Should Hold a New Hearing*

In supplemental briefing, the government requests an additional hearing and opportunity to present officer Miller's testimony. Supplemental Response [DN 13] at 4. The government supports this request with the argument that the Defense "raised two additional issues" since it filed its Motion to Suppress. *Id.* The Court has already addressed one of these issues, and in agreeing with the government that the testing officer and observing officer need not be the same individual, has rendered the request on these grounds moot. As to the second issue, the Defense argued—allegedly for the first time—that "the Government failed to satisfy the *Sensing* requirements because there was a 9-minute period between when SSG Gray properly completed the 20-minute observation period and when Ms. Benitez provided her breath sample." Supplemental Response [DN 13] at 2.

It is true that the Defense's initial Motion to Suppress, [DN 8], as its basis, did not precisely point to the government's failure to verify that she was properly observed during this nine-minute period.  More broadly, Defendant argued that she "was *without* supervision in the *twenty* minutes prior to being subjected to the breath test."  Motion [DN 8] at 2 (emphasis added). While there is a difference between these two arguments, it is not a difference that makes a difference in terms of relevance. The government was on notice of the contested observation period. It chose to stand on the legal theory that the twenty minutes of observation performed by officer Gray—which came approximately ten minutes before Defendant took her breath test— was enough to satisfy *Sensing* factor-four. In doing so, the government did not present officer Miller's testimony at the suppression hearing.

The Court does not find that the government has presented good cause for a new hearing. *See McRae v. United States*, 420 F.2d 1283, 1287 (D.C. Cir. 1969) ("In deciding whether a second suppression hearing was proper, we must scrutinize not the events at that hearing, but the justification advanced by the Government to reopen the issue."); *United States v. Wong*, 470 F.2d 129, 132 (9th Cir. 1972) ("Other evidence excluded at the trial could readily have been presented at the original hearing on the motion to suppress. [Party] offers no excuse for his failure to put on his evidence at the suppression hearing.") An argument that was imperfectly articulated in motion papers, and later refined at a hearing and supplemental briefing, may not constitute a wholly new legal argument sufficient to justify a new hearing where the government was on notice of the contested point, and may even have superior knowledge of its officers' relevant actions. *See McRae*, 420 F.2d at 1287 ("When a pretrial motion is made for the suppression of evidence, the Government normally has access to the information necessary to justify the conduct of the police... [I]t it would blink reality to ignore the disparate position of the state and

the accused before trial.") The Court's conclusion on issues presented in the suppression hearing stands; the government failed to satisfy the *Sensing* observation requirement.

*Whether Breath-Test Results or Miller Testimony may be Admitted at Trial*

The government may still seek to prove DUI using the Federal Rules of Evidence. Defendant was indicted under two available theories of DUI. Information [DN 1] at 1. Tennessee law provides that the first alternative theory is under "the common law offense, requiring that the sate prove that the defendant be 'under the influence of any intoxicant.' The second theory requires that the State prove a blood alcohol concentration of eight-hundredths of one percent (.08%) or more." *State v. Chappell*, No. M200500425CCAR3CD, 2006 WL 2380602, at *3 (Tenn. Crim. App. Aug. 17, 2006) (citing Tenn. Code Ann. § 55-10-401). When any of the six *Sensing* factors are not satisfied, "the state may still use traditional rules of evidence to lay the foundation for admitting the evidence." *Id*. (internal quotations and citations omitted).[2]

Accordingly, the government may seek to introduce the results of the breath test at trial by laying the proper foundation, and in doing so, may offer the testimony of officer Miller. *Id.* (collecting cases) (holding that "a foundation which ensures reliability of the test results must first be established before the evidence is permitted") (collecting cases); *United States v. Ahlstrom*, 530 F. App'x 232, 239 (4th Cir. 2013) (laying foundation for breath-test results under Federal Rules of Evidence).

---

[2] There is reason for strictly enforcing the observation requirement. In *Sensing*, the Tennessee Supreme Court relaxed some of "the rigorous prerequisites formerly required to authenticate the reliability" of breath tests. *Sensing*, 843 S.W.2d at 416 (Tenn. 1992). It has since "declined to further relax the now well-established foundational requirements for admitting such evidence." *Henderson*, 2017 WL 838665, at *4 (collecting cases).

## CONCLUSION and ORDER

Defendant's Motion to Suppress, [DN 8], is **GRANTED IN PART AND DENIED IN PART**, consistent with the above opinion. The government may seek to introduce the contested breath-test results by laying the proper evidentiary foundation at trial, but such results shall not be presumptively reliable via Tennessee law.

November 22, 2024

Lanny King, Magistrate Judge
United States District Court